Peck, J.
delivered the opinion of the court
This was an action on the case, in trover, brought by the defendants in error against the plaintiff in error, for the conversion of the slaves mentioned in the declaration. Plea, not guilty and issue. The jury found a verdict for the defendants.
The evidence is all set out, and it is insisted that there is a preponderance of evidence against the finding of the jury; that on the motion made in the court below for a new trial, the verdict ought to have been set aside and a new trial granted. The evidence is voluminous; it would *324 be extending this opinion to an unreasonable length to go mto it and show the bearing ox its several parts upon the matters in issue, and how the same should be weighed to produce correct results. In the view we take of this case, . we consider it does not belong to us to weigh the evidence and control both the court below and the jury, by refusing a new trial, unless it shall appear manifestly that there is a great preponderance against the finding. Where that appears, the court will consider of it, and being satisfied of such preponderance in the testimony, will feel themselves constrained to do what the circuit court, in the opinion of this court, ought to have done, award a new trial. Here is evidence on both sides. There are circumstances and facts brought to the view of the court, which, if taken alone, might incline the mind to the conclusion, that the transfer of the negroes in question had been made with a view to hinder creditors from obtaining just demands; it was on the eve of a judgment about to be obtained against Newton; the transfer was between relatives; few, if any, present at the transaction but relatives. These, with other signs which usually accompany fraudulent transactions, if taken alone, would not only pro- • duce preponderance, but would be taken as conclusive to establish the fraud.
But on the facts, how does the case appear, when the evidence on the other side is made to meet that which impeaches the transaction: it is all met by proof offered in behalf of the plaintiff below. Newton is proved to have been the debtor of Smith; the settlement of the demands was made in the presence of men of credibility; the property passed at its reasonable value; and possession accompanied the deed or bill of sale. The fact of the negroes afterwards being found in the possession of Mrs. Newton, while her husband was from home, is explained in a way honorable to Mrs. Smith, the daughter; who, to lighten the burthens of a destitute mother, had, *325 without the knowledge of her husband, sent the servants on one occasion, back to the house oí JN ewton.
Whatever signs of fraud, therefore, have been made to appear on the one side, the proof touching them have been met on the other. There was nothing dishonest ill Newton preferring to pay this debt. In law and in morals, distinctions between creditors cannot well be made; for if inquiry as to the respective merits of creditors were let in, it would be endless in detail, and, it is feared, would too often end in capricious judgment.
Another question debated, arises on the rejection of such parts of depositions as relate to the sayings and doings of Newton, after the transfer of the slaves to his son-in-law, Smith. It is insisted that this evidence was proper, and that the rejection of it was erroneous. Perhaps the most easy and natural way of answering the argument, is to reply, that common sense dictates that if the transaction was honest and bona fide at the time it took place, that no posterior act of Newton without the participation of Smith, could defeat it. Touching any subsequent disposition of property remaining with Newton after the ne-groes were conveyed, Smith had nothing to do. So too, as to any thing he said posterior, Smith not being present, cannot prejudice his vested right. Neither of these acts of Newton necessarily connect themselves with the past transaction with Smith. So far as this evidence was admissible, it was permitted to go to the jury, to wit, the impeaching the credit of Newton as a witness offered by Smith upon the trial. The circuit court took the proper distinction; rejecting the one as hearsay, and the acts as forming no part of the res gesta, but admitting it as sayings of the witness, inconsistent with the evidence he had given in.
There is no error in the judgment: it is therefore affirmed.
Judgment affirmed,